UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. GRUENWALD,<br><br>　　　　　Defendants. | No. 2:22-cv-1725 KJN P<br><br><br>ORDER |

      Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Claims

Plaintiff alleges that defendant Gruenwald, a correctional officer at Mule Creek State Prison, uses profanity, vulgar language, yelling, name-calling, threats, aggressiveness and intimidation, and constantly interferes with plaintiff's access to the law library, even when plaintiff was granted PLU status. Plaintiff provided copies of six grievances where he appealed defendant's interference with plaintiff's law library access but alleges these are only a fraction of such incidents by defendant. Plaintiff complained to other officers and defendant's superior officers. The Inmate Advisory Committee collected countless complaints about defendant's interference with inmates' law library access, which resulted in the representatives from the Ombudsman's Office coming to investigate defendant's misconduct. Despite plaintiff's efforts, defendant has not changed his behavior and as the officer in charge of the law library is fully aware of plaintiff's PLU status. As injury, plaintiff states that he has lost large amounts of time to research, has been in danger of missing court deadlines, been forced to file multiple requests for extensions of time, had to file multiple amended complaints without having properly researched the issues which endangered his right to further amend.

In his second claim, plaintiff alleges that defendant targeted plaintiff for retaliation based on plaintiff's many formal grievances and complaints about defendant's misconduct. After members of the Inmate Advisory Committee brought plaintiff's complaints to the attention of Lt. Cochrane, defendant was called into a meeting with Lt. Cochrane. Later that morning, defendant threatened plaintiff that if he wanted to play these games, plaintiff would get "written up," and "never get into the library." (ECF No. 1 at 8.) Based on all of the incidents alleged in the complaint, plaintiff asserts that defendant took adverse action against plaintiff because of plaintiff's continued efforts to access the courts by attending the law library and plaintiff's filing formal grievances against defendant, by preventing plaintiff's access to the courts, threatening

////

1 plaintiff and denying and escalating the denial of access to the law library, which chilled
2 plaintiff's rights and did not serve a legitimate penological goal.  (ECF No. 1 at 9.)

3      Plaintiff seeks money damages.

4      <u>Access to the Courts</u>

5      Prisoners retain the First Amendment right "to petition the government for a redress of [ ]
6 grievances," which includes the specific right "to meaningful access to the courts[.]"  <u>Silva v. Di
7 Vittorio</u>, 658 F.3d 1090, 1101-02 (9th Cir. 2011) (citation omitted), <u>abrogated on other grounds as
8 stated in Richey v. Dahne</u>, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).  The constitutional right of
9 access to the courts generally requires prison officials to ensure that prisoners have the "capability
10 of bringing contemplated challenges to sentences or conditions of confinement before the courts."
11 <u>Lewis v. Casey</u>, 518 U.S. 343, 356 (1996).  To that end, depending on the circumstances, prison
12 officials may be required affirmatively to "help prisoners exercise their rights" (e.g., provide
13 reasonable access to "adequate law libraries or adequate assistance from persons trained in the
14 law"), or simply to refrain from "active interference" in prisoner litigation.  <u>Silva</u>, 658 F.3d at
15 1102 (citation omitted); <u>see, e.g.</u>, <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977) (holding "that the
16 fundamental constitutional right of access to the courts requires prison authorities to assist
17 inmates in the preparation and filing of meaningful legal papers by providing prisoners with
18 adequate law libraries or adequate assistance from persons trained in the law") (footnote omitted),
19 <u>overruled in part on other grounds</u>, <u>Lewis</u>, 518 U.S. at 354.  Prison officials, however, are not
20 required to ensure access beyond "[t]he tools . . . inmates need in order to attack their sentences,
21 directly or collaterally, and in order to challenge the conditions of their confinement."  <u>Lewis</u>, 518
22 U.S. at 355 ("<u>Bounds</u> does not guarantee inmates the wherewithal to transform themselves into
23 litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall
24 claims. . . .  Impairment of [such] other litigating capacity is simply one of the incidental (and
25 perfectly constitutional) consequences of conviction and incarceration.").

26      To state a viable denial of access claim, a prisoner must plausibly show that some official
27 misconduct (e.g., alleged inadequacies in the jail's library facilities or legal assistance program)
28 caused "actual injury" -- that is, that it frustrated or is impeding plaintiff's attempt to bring a

nonfrivolous legal claim. Lewis, 518 U.S. at 348-49; Nev. Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 349) ("'Actual injury' means 'actual prejudice with respect to contemplated or existing litigation.'"), cert. denied, 566 U.S. 911 (2012). The plaintiff's complaint must describe the alleged underlying claim, whether anticipated or lost, and show that it is "nonfrivolous" and "arguable." See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Here, plaintiff has alleged facts demonstrating defendant's interference in plaintiff's ability to attend the law library. But plaintiff fails to identify an actual injury to contemplated or existing litigation that is nonfrivolous and arguable. Rather, plaintiff asserts that his filings have been delayed and impacted by his inability to have more time in the law library. In order to state a cognizable access to the courts claim plaintiff must plead facts demonstrating he suffered an actual injury as a result of defendant's interference. Plaintiff is granted leave to do so.

Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

For the limited purposes of § 1915A screening, the court finds that plaintiff's complaint states a potentially cognizable retaliation claim against defendant Gruenwald. See 28 U.S.C. § 1915A.

Plaintiff's Options

As stated above, the complaint does not state a cognizable access to the courts claim. Such claim is dismissed with leave to amend.

////

Plaintiff may proceed forthwith to serve defendant Gruenwald and pursue his retaliation claim against such defendant or plaintiff may delay serving defendant and attempt to state a cognizable access to the courts claim against defendant Gruenwald.

If plaintiff elects to attempt to amend his complaint to state a cognizable access to courts claim against defendant, plaintiff has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Gruenwald, against whom plaintiff stated a cognizable retaliation claim for relief, then within thirty days plaintiff must return the notice of election form marking such election. In this event the court will construe plaintiff's election as consent to dismissal of the access to courts claims against defendant Gruenwald without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are

not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff is not required to provide exhibits.  Plaintiff may request that his previously-submitted exhibits be attached to any amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's access to the courts claims against defendant Gruenwald are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to

7

attempt to state cognizable claims against defendant. Plaintiff is not obliged to amend his complaint.

    4. The allegations in the pleading are sufficient to state a potentially cognizable retaliation claim against defendant Gruenwald. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed forthwith against defendant Gruenwald as to the retaliation claim, plaintiff shall so indicate on the notice of election form. Upon receipt of such election, the court will issue an order for e-service on defendant Gruenwald. Defendant Gruenwald will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective access to courts claims against defendant Gruenwald without prejudice.

    5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 14, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gosz1725.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA,<br><br>          Plaintiff,<br><br>   v.<br><br>E. GRUENWALD,<br><br>          Defendants. | No. 2:22-cv-1725 KJN P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____     Plaintiff opts to proceed with his retaliation claims against Gruenwald.

_____     Plaintiff consents to dismissal of his access to courts claims against defendant Gruenwald without prejudice.

**OR**

\_\_\_\_\_     Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                                                          _____
                                                          Plaintiff