UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA, | No. 2:22-cv-1725 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| E. GRUENWALD, | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff's motions for preliminary injunction and temporary restraining order are before the court. It is recommended that the motions be denied.

I. Background

This action is presently stayed pending a settlement conference set for October 12, 2023.

On June 10, 2023, plaintiff filed a motion for injunctive relief based on his claim that defendant Gruenwald denied plaintiff's access to the law library, allegedly interfering with plaintiff's access to the courts. (ECF No. 17.) Pursuant to court order, defendant filed an opposition on July 20, 2023. (ECF No. 19.) Plaintiff did not file a reply.

On July 26, 2023, plaintiff filed a second motion for injunctive relief, claiming that he is facing an adverse transfer in retaliation for filing grievances and lawsuits. (ECF No. 20.)

////

II. Plaintiff's Amended Complaint

This action proceeds on plaintiff's amended complaint against defendant Gruenwald, an Officer on C Yard, Mule Creek State Prison. Plaintiff alleges that in 2021 and 2022, defendant Gruenwald interfered with plaintiff's access to the courts, impeding plaintiff's civil rights litigation, as well as his challenges to his underlying criminal conviction (claim one), and retaliated against plaintiff because defendant took adverse action against plaintiff because of plaintiff's continued efforts to access the courts by attending the law library and plaintiff's filing formal grievances against defendant, by preventing plaintiff's access to the courts, threatening plaintiff and denying and escalating the denial of access to the law library, which chilled plaintiff's rights and did not serve a legitimate penological goal (claim two). (ECF No. 9.)

Plaintiff seeks money damages.

III. Governing Law

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). The standards for both forms of relief are essentially the same. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017). "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'" Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980).) The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations

omitted); Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions). Further,

> there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." De Beers Consol. Mines, 325 U.S. at 220. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Speculative injury does not constitute irreparable harm. See id.; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp., 395 U.S. at 130-31; FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

There is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." Comm. of Cent. Am. Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

Further, an injunction against individuals who are not parties to the action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

Finally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

////

harm the court finds requires preliminary relief and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

IV. Plaintiff's First Motion

In his first motion, plaintiff seeks a preliminary injunction granting him access to the prison law library and a temporary restraining order against defendant Gruenwald, who plaintiff alleges is preventing plaintiff's access to the law library. However, in response to the court's briefing order, defendants provided prison law library records demonstrating that plaintiff was provided law library access at least 34 times between April 3, 2023 (the date this matter was set for settlement conference) and July 7, 2023. During such period plaintiff accessed the MCSP library on only 10 occasions. (ECF Nos. 19-1 at 2, 19-2.) Moreover, on several of the occasions plaintiff attended the law library, plaintiff chose to leave early, and despite attending as a PLU, chose to engage in recreational reading rather than legal work. (ECF No. 19-2 at 2, 5.) Further, defendant notes that plaintiff fails to identify an actual injury resulting from the alleged lack of access. (ECF No. 19 at 3.)

Plaintiff did not reply to defendant's opposition and thus fails to rebut the evidence that plaintiff has had frequent access to the prison law library, despite his claims to the contrary.[1]

Defendant is correct that plaintiff did not identify any actual injury he sustained as a result of the purported lack of access; rather, plaintiff alleges the lack of access impeded "many pending legal actions," and generally refers to his criminal appeal of a life sentence and civil actions against staff at MCSP. (ECF No. 17 at 2, *passim*.) Plaintiff provides no facts showing "prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996).

In light of the unrefuted evidence that plaintiff has had significant access to the prison law library, plaintiff cannot meet any of the Winter factors, and the first motion should be denied.

---

[1] Plaintiff is cautioned that a litigant proceeding pro se and in forma pauperis may suffer restricted access to the court if he files excessive frivolous motions. DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990). Such matters strain the limited resources of both the court and defense counsel. Plaintiff is directed to exercise appropriate restraint in the future and is cautioned that should he continue to file frivolous motions in this action, the court will consider the imposition of sanctions, including restricted court access or dismissal of the action.

V. <u>Plaintiff's Second Motion</u>

In his second motion, plaintiff claims that he faces an adverse transfer based on "retaliation for his filed grievances and legal actions against defendant as well as other [MCSP] staff." (ECF No. 20 at 1.) Plaintiff provides a copy of a memo granting a one year override of any transfer through September of 2023, and contends that despite other inmates on the list having their override honored, plaintiff is being subjected to an adverse transfer. Plaintiff's motion fails for the following reasons.

First, plaintiff simply speculates that the decision to transfer him is based on retaliation for his protected conduct.[2] Plaintiff provides no specific facts demonstrating that the review by the annual committee was based on plaintiff's First Amendment activities. Plaintiff does not provide the date such review took place; rather, he claims the transfer was recommended after this case was set for settlement conference on April 3, 2023, and after he filed his first request for injunctive relief on June 27, 2023. (ECF No. 20 at 3.) However, plaintiff provides no facts demonstrating that any of the annual committee members were aware of the order and without the date the review took place, there is not even a temporal connection. In addition, plaintiff's own filing demonstrates that the annual committee review took place before plaintiff filed his first motion for injunctive relief because his grievance challenging the review was dated June 7, 2023. (ECF No. 20 at 8-9.) Because the June 27 motion was filed after the review, such motion could not have been the source of an alleged retaliatory action. Further, plaintiff includes no allegations connecting such decision to defendant Gruenwald, the sole defendant named herein, and does not allege that Gruenwald was a member of the annual committee.

Second, plaintiff concedes that the transfer exemption period was for one year – September 6, 2022, through September 6, 2023. Nothing in the memo addresses whether or not

---

[2] "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

the listed inmates could or could not be transferred after September 6, 2023.  (ECF No. 20 at 5-6.) At present, plaintiff remains housed at MCSP.

Third, it is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protect by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (no constitutional liberty interest in the involuntary transfer of a prisoner to a different facility).

Similarly, there is no constitutional right to education in prison.  Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (finding that deprivation of rehabilitation and educational programs does not violate the Eighth Amendment); Baumann v. Arizona Dept. of Corr., 754 F.2d 841, 846 (9th Cir. 1985) (limitation of educational opportunities is not considered punishment); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (noting that there is no right to a vocational course for rehabilitation).

Fourth, plaintiff fails to demonstrate that the proposed transfer is imminent.  Indeed, as plaintiff was informed in one grievance response, the decision to transfer plaintiff was not yet final.  (ECF No. 20 at 10.)

Finally, because plaintiff's motion seeks relief that is unrelated to the claims proceeding in this case, and challenges actions taken by unidentified individuals who are not party to this action and that took place after this action was filed, plaintiff's motion should be denied.  Pacific Radiation, 810 F.3d at 636.

For all the above reasons, plaintiff's second motion should be denied.

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos. 17 & 20) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 8, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gosz1725.tro.pi