UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA,<br><br>    Plaintiff,<br><br>    v.<br><br>E. GRUENWALD,<br><br>    Defendant. | No. 2:22-cv-1725 KJM CSK P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff's fully briefed motion to compel discovery is before the court. (ECF No. 34.) As set forth below, the motion is granted in part.

<u>Plaintiff's Amended Complaint</u>

In his amended complaint, plaintiff alleges that defendant Gruenwald interfered with plaintiff's access to the courts, impeding his civil rights litigation, as well as his challenges to his underlying criminal conviction (claim one), and retaliated against plaintiff because defendant took adverse action against plaintiff because of plaintiff's continued efforts to access the courts by attending the law library and filing formal grievances against defendant, by preventing plaintiff's access to the courts, threatening plaintiff, and denying and escalating the denial of access to the law library, all of which chilled plaintiff's rights and did not serve a legitimate penological goal (claim two).

////

Plaintiff's Motion to Compel

In plaintiff's motion to compel, filed March 22, 2024, plaintiff sought to compel additional responses to his first set of interrogatories, specifically nos. 1, 2, 3, 4, and 9, as well as further production in response to his request for production of documents, set one, specifically requests nos. 1, 2, 3, 4, 5, and 8. (ECF No. 34 at 1-3.) Plaintiff provided a copy of his meet and confer letter sent to defendant's attorney and claimed that defendant failed to respond to plaintiff's second set of interrogatories and request for production of documents, set two. (ECF No. 34 at 3-5.)

In opposition, defendant provided an amended response to interrogatory no. 1, but opposes the remainder of the challenged responses to the first set of discovery requests. (ECF No. 39.) As to plaintiff's second set of interrogatories, defendant contends that the motion to compel further responses is premature because the second set was served on February 16, 2024, and responses were not due until March 26, 2024.

In his reply, and in light of defendant's supplemental responses, plaintiff rescinded his request to compel further responses to interrogatory no. 3, first set of interrogatories, as well as interrogatories, set two (nos. 1-6). (ECF No. 40 at 1.) Plaintiff continues to challenge defendant's responses to the first set of interrogatories, nos. 1, 2, 4 and 5 [sic]. (ECF No. 40 at 2.) Plaintiff also seeks further production in response to request for production of documents, set one, nos. 1, 2, 3, 4, 5, and 8 (ECF No. 40 at 3-4), and request for production of documents, set two, no. 1 (ECF No. 40 at 4).

Motions to Compel Discovery

    A.  Standards Governing Discovery Disputes

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

2

A party may serve on another party requests to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). The responding party then must respond in writing within thirty days, unless otherwise agreed upon, after being served. Fed. R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). A requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a).

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." Haney v. Saldana, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing L.H. v. Schwarzenegger, 2017 WL 2781132, at *2 (E.D. Cal. Sept. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A). Any objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why

he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738, at *1 (E.D. Cal. Jun. 9, 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

Official Information Privilege

Federal common law recognizes a qualified privilege for official information. See Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 511 F.2d 192, 197-98 (9th Cir. 1975), aff'd 426 U.S. 394 (1976). To determine whether the official information privilege applies, the court must balance the interests of the party seeking discovery and the interests of the government entity asserting the privilege. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. July 17, 1995). In the context of a civil rights action, "this balancing approach is moderately 'pre-weight[ed] in favor of disclosure.'" Bryant v. Armstrong, 285 F.R.D. 596, 605 (S.D. Cal. June 14, 2012) (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. Feb. 26, 1987)).

This court's duty to balance the parties' interests in disclosure are triggered when the party opposing disclosure makes a "substantial threshold showing." Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 669). The party opposing disclosure "must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit." Soto, 162 F.R.D. at 613; see also Stevenson v. Blake, 2012 WL 3282892, at *2 (S.D. Cal. Aug. 10, 2012). The declaration must include: "(1) an affirmation that the agency has maintained the confidentiality of the documents at issue; (2) a statement that the official has personally reviewed the documents; (3) a specific identification of the governmental or privacy interests that would be compromised by production; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to these interests; and (5) a projection of how much harm would be done to these interests if disclosure were made." Soto, 162 F.R.D. at 613 (citing Kelly, 114 F.R.D. at 670). "A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources without undue economic burden." Soto, 162 F.R.D. at 613.

If the objecting party does not meet the requirements for invoking the privilege, a court

will typically overrule the privilege objection and order full disclosure. <u>Bryant</u>, 285 F.R.D. at 605. "[I]f the party meets this burden, courts generally conduct an in camera review of the material and balance each party's interests." <u>Davis v. Schneider</u>, 2020 WL 9074713, at *7 (C.D. Cal. Dec. 18, 2020) (citing <u>Soto</u>, 162 F.R.D. at 613; <u>Kelly</u>, 114 F.R.D. at 671).

### B. <u>Discussion</u>

The Court address each discovery response at issue below.

1. <u>Interrogatories (Set One)</u>

   a) INTERROGATORY NO. 1: When did you first start working as the Education officer at Mule Creek on C Yard?

   RESPONSE: 2019.

   AMENDED RESPONSE: February 10, 2020.

(ECF No. 39-2 at 3.)

The Parties' Arguments

In his motion, plaintiff sought to know the month defendant began working as an education officer. In the opposition, defendant explained that defendant provided the correct month and year in the supplemental response served on plaintiff on April 19, 2024. In reply, plaintiff objects that defendant claims both answers are accurate and wants defendant to clarify the answer and confirm whether defendant started in 2019 or 2020, and why did the answer "change so drastically?" (ECF No. 40 at 2.)

<u>Discussion</u>

The amended response and the opposition confirm that defendant amended the response to reflect the accurate date defendant began working as the C-Yard Education Officer at Mule Creek State Prison ("MCSP"). Thus, defendant's amended response of February 10, 2020, is sufficient and no further response is required.

   b) INTERROGATORY NO. 2: What were/are post orders while working as the Education officer at Mule Creek on C Yard?

   RESPONSE: Defendant objects to this request on the grounds that (1) it is vague and ambiguous as to the terms "were/are" and "while working;" (2) it is compound; (3) it is not limited by a definite time frame; (4) it seeks information that is neither

>relevant nor proportionate to the claims or defenses in this case; and (5) it seeks confidential information that is protected by the Official Information Privilege for the safety and security of the institution, staff, and inmates.
>
>Based on the foregoing objections, no response will be given.
>
>SUPPLEMENTAL RESPONSE: In support of Defendant's assertion of the official information privilege, Defendant refers Plaintiff to the privilege log and declaration of the litigation coordinator, served concurrently with this response.

(ECF No. 39-2 at 3.)

### The Parties' Arguments

In his motion, plaintiff argues that post orders are relevant to plaintiff's claims because he believes defendant violated such orders on numerous occasions. (ECF No. 34 at 2.) Such orders would set forth defendant's responsibilities as an education officer. (Id.) Defendant opposes such disclosure, arguing that the California Department of Corrections and Rehabilitation ("CDCR") considers post orders to be confidential, as substantiated by the privilege log and declaration of the litigation coordinator. (ECF No. 39 at 3.) Although plaintiff claims the post orders are "obviously relevant," defendant argues that plaintiff fails to show how defendant's compliance with post orders is relevant to his claim that his constitutional rights were violated. (ECF No. 39 at 3.)

In reply, plaintiff argues that the declaration provided by defendant supports the relevance of the information sought: "an officer's post orders are a roadmap of the performance of his duties, including his schedule, his designated areas of responsibility, protocols for the handling of evidence, and duties with respect to various potential incidents or disturbances." (ECF No. 40 at 2.) Plaintiff argues that such topics are at issue in this case, and the post orders are not just for the safety of the facility but also for the inmates. He contends that defendant violated plaintiff's rights numerous times, and plaintiff suspects defendants violated his post orders as well.

### Discussion

Defendant asserted a properly grounded objection, supported by a privilege log and the declaration of D. Santos, Correctional Counselor II and Litigation Coordinator. (ECF No. 39-2.) In the declaration, Santos states that the CDCR considers post orders to be sensitive and

6

confidential and has maintained the confidentiality of such post orders. (ECF No. 39-2 at 12.) Santos personally reviewed the post orders and determined that the disclosure of such post orders would compromise the safety and security of CDCR institutions, staff, or inmates. (Id.) Because the "post orders provide a roadmap of the performance of defendant's duties, including his schedule, his designated areas of responsibility, protocols for the handling of evidence, and duties with respect to responses to various potential incidents or disturbances," Santos declares that disclosure of the post orders would threaten institutional operations, safety, and security. (ECF No. 39-2 at 12.) Further, Santos states that "[a] protective order is inadequate to ensure the confidential information identified in [his] declaration will not be deliberately or inadvertently disclosed to inmates who will use it for an improper purpose," due to the limited control inmates have over their movement and property, risks of theft by other inmates, access by other CDCR staff who may be unaware or unable to comply with the protective order, as well as the limited deterrent effect of civil or criminal contempt for such disclosure. (ECF No. 39-2 at 12-13.) Santos declares that "[t]he potential harm, such as institutional disruption or compromising the efficiency, effectiveness, and integrity of institutional operations, is too severe to risk," and such "potential harm -- with real-world consequences affecting lives and bodily integrity -- is not rectifiable by litigation sanction if inadvertently disclosed." (ECF No. 39-2 at 13.)

The Court finds that defendant met his burden under Kelly. 114 F.R.D. at 670. On the other hand, plaintiff failed to meet his burden in challenging defendant's properly asserted objections. Cooper v. Woodford, 2010 WL 3565722, at *2 (E.D. Cal. Sept. 3, 2010). While plaintiff claims, in conclusory fashion, that the duties described in defendant's post orders are relevant, he failed to show how the post orders are relevant to his claims that defendant interfered with plaintiff's access to the courts or retaliated against plaintiff for exercising his First Amendment rights specifically alleged herein. It appears unlikely that such interference or retaliation would be part of defendant's assigned duties. Plaintiff also failed to identify the interest that would be harmed if the post orders are not disclosed, and how extensive the harm would be as required by Kelly, 114 F.R.D. at 671. Thus, the Court does not conclude that the post orders should be disclosed over defendant's claim of privilege. No further production is

1  required.

2        c) INTERROGATORY NO. 4: When is the Library on C Yard at Mule Creek supposed to be open and available for access to inmates, both General Users and Priority Users?

RESPONSE: Defendant objects to this request on the grounds that (1) it is vague and ambiguous as to the term "supposed to be;" (2) it is compound; and (3) it is not limited by a definite time frame.

Subject to and without waiving these objections, Defendant responds as follows: During the time frame relevant to this lawsuit, the library was scheduled to be open from Monday through Friday, during the hours of 8:30 a.m. – 11:30 a.m., and 12:30 p.m. to 2:30 p.m. Both general and priority library users could access the library as long as yard was open and library was staffed. If the yard was closed, priority users would be scheduled to access the library at specific times.

(ECF No. 39-2 at 4-5.)

The Parties' Arguments

Plaintiff objects that defendant's response that "if the yard is closed, priority users would be scheduled to access the library at specific times" fails to identify when those specific times are and seeks a more specific answer. (ECF No. 34 at 2.)

In opposition, defendant again objects that the request is vague and ambiguous because plaintiff did not identify a specific time frame, and the scope of the further response he seeks is unclear. (ECF No. 39 at 4.) To the extent plaintiff seeks the times every inmate at MCSP was granted priority user status to access the law library during the time frame relevant to this action, defendant objects that plaintiff's request is overbroad, unduly burdensome, and not relevant or proportional to the needs of this case. (ECF No. 39 at 5.) Moreover, defendant points out that plaintiff was already provided the dates and times that plaintiff accessed the law library as a general or priority user in response to plaintiff's request for production of documents. (ECF No. 39 at 5.)

In reply, plaintiff claims that defendant's response fails to clarify what is meant by "specific times?" (ECF No. 40 at 2.) Would the priority users "be scheduled that same day? Another day? Within a certain time frame?" (Id.) Because priority users have a 30 day deadline, plaintiff contends that any delay in law library access could impact their legal actions. (Id.)

Discussion

Defendant's objections are sustained. Interrogatory No. 4 asked when the library was scheduled to be open and available, it did not ask what provisions are made if the yard is closed. Defendant provided the library schedule. No further response is required.

> d) INTERROGATORY NO. 9: Is there any policy regarding Recreational Yard Program being open and inmates gaining access to the Library for C Yard at Mule Creek? If so, what is the policy?
>
> RESPONSE: Defendant objects to this request on the grounds that (1) it is vague and ambiguous as to the terms "policy," "Recreational Yard Program being open," and "gaining access to the Library;" (2) it is compound; (3) it is overbroad as to time and scope; and (4) it lacks foundation and does not describe the material requested with reasonable particularity to determine what is sought and allow the opportunity for appropriate objections.
>
> Subject to and without waiving these objections, Defendant responds as follows: Defendant refers Plaintiff to the California Code of Regulations, Title 15, sections 3120 – 3124; and the CDCR Department Operations Manual, Article 12.

(ECF No. 39-2 at 7.)

The Parties' Arguments

In his motion, plaintiff claims that he has searched the sections cited by defendant in the response and "has not been able to find anything that meets the conditions of this question." (ECF No. 34 at 2.) Plaintiff asks that he be provided a full and complete answer to this question, including the exact wording and location of the policy if such policy exists. (Id.)

In opposition, defendant contends "the request is overbroad as to time and is phrased awkwardly, making it susceptible to multiple interpretations." (ECF No. 39 at 5.) Despite such objections, defendant directed plaintiff to the responsive sections of the California Code of Regulations and the CDCR Department Operations Manual, which are available to plaintiff in the prison library.

In his reply, plaintiff did not identify interrogatory no. 9. (ECF No. 40.) Rather, he replied as to interrogatory no. 5, even though no. 5 is not at issue in this motion. However, it appears that his reply to interrogatory no. 5 was mislabeled because the context of his reply fits

interrogatory no. 9 rather than no. 5. (ECF No. 40 at 2.) In this reply, plaintiff reiterates that he reviewed the sections identified by defendant, but none reference plaintiff's question regarding the recreational yard program being closed and not allowing access to the library, even to priority users. Plaintiff again requests that defendant provide the specific location of such policy as well as the specific wording of such policy, relevant to the time frames at issue herein.

### Discussion

The Court agrees that plaintiff's question is difficult to parse because if the yard is open, the inmates have access to the library, as previously answered in response to interrogatory no. 4. In addition, defendant cited various regulations governing the library, including California Code of Regulations, title 15, § 3123, which govern access to law libraries, and which include provisions for accessing legal materials when an inmate is unable to physically attend the law library. Id., § 3123(c)-(e). Defendant's objections are sustained, and no further response is required.

   2. Request for Production of Documents, Set One

      a) Requests Nos. 1 and 2

The parties addressed requests nos. 1 and 2 together.

> REQUEST FOR PRODUCTION NO. 1:  The Library Log Book from the Mule Creek C Yard Library for the dates October of 2019 through October of 2023.
>
> RESPONSE TO REQUEST:  Defendant objects to this request on the grounds that (1) it is overbroad in time and scope and seeks information not relevant or proportional to the needs of the case; (2) it seeks information that may violate the privacy rights of inmates under California Code of Regulations Title 15, section 3370; and (3) it seeks confidential information that is protected by the Official Information Privilege for the safety and security of the institution, staff, and inmates.
>
> Subject to and without waiving these objections, Defendant responds as follows:  Defendants will produce a redacted copy of the Law Library Log Book from November 15, 2021 to September 3, 2022, attached hereto as AGO DISC. RESP. 001-018.

(ECF No. 39-2 at 16.)

> REQUEST FOR PRODUCTION NO. 2:  All inmate sign-in sheets from the Mule Creek C Yard Library for the dates of October of 2019 through October of 2023.

> RESPONSE: Defendant objects to this request on the grounds that (1) it is overbroad in time and seeks information not relevant or proportional to the needs of the case; (2) it seeks information that may violate the privacy rights of inmates under California Code of Regulations Title 15, section 3370; (3) and it seeks confidential information that is protected by the Official Information Privilege for the safety and security of the institution, staff, and inmates.
>
> Subject to and without waiving these objections, Defendant responds as follows: Defendants will produce redacted copies of the Law Library Sign-in Sheets from 2021 and 2022, attached hereto as AGO DISC. RESP. 019-077.
>
> SUPPLEMENTAL RESPONSE: After diligent search, Defendant was unable to locate any law library sign-in sheets from prior to November 2019. Defendant agrees to produce redacted copies of the law library sign-in sheets from October 2022 to October 2023, attached hereto as AGO DISC. RESP. 127-293.

(ECF No. 39-2 at 16.)

### The Parties' Arguments

In his motion, plaintiff objects that defendant only produced documents from November 2021 to September 2022, the dates of plaintiff's grievances, despite plaintiff's contentions that defendant's ongoing pattern of behavior extends beyond those dates. (ECF No. 34 at 2-3.) In addition, plaintiff's first grievance pre-dates the documents provided. Further, there are pages missing from the produced documents dated November 18, 2021 through December 2, 2021. (Id. at 3.)

In opposition, defendant points out that the operative complaint identifies incidents from September 14, 2021, to "the most recent on [September 3, 2022]." (ECF No. 39 at 7) (quoting ECF No. 9 at 4.) However, after a reasonable search, defendant provided plaintiff copies of library sign-in sheets from November 2021 to September 2022, after redacting the names and CDCR numbers of nonparty inmates. (ECF No. 39 at 7.) The librarian was unable to locate any responsive documents from prior to November 2021. (ECF No. 39-1 at 2.) Defendant contends that plaintiff's argument that defendant's "pattern of behavior stretches beyond those dates," is vague and fails to explain why documents from time periods post-dating plaintiff's complaint allegations are relevant to the claims and defenses in this case. Despite such objections, defendant provided redacted copies of the log books and sign-in sheets from October 2022 to

11

October 2023 to the extent they were available. (ECF No. 39 at 7.) Following counsel's direction to conduct a complete search of the logbooks and sign-in sheets responsive to the requests nos. 1 and 2, the librarian located responsive documents from October 2022 to October 2023, but confirmed that "no responsive documents from prior to November 2021 were in the possession, custody, or control of the institution." (ECF No. 39-1 at 2-3.)

In reply, plaintiff objects that he sought documents from October of 2019, but the first document provided was from November 15, 2021, and plaintiff's first grievance predates such production. (ECF No. 40 at 3.) Plaintiff also objects that there are significant gaps in dates for the production provided. (ECF No. 40 at 3.) Further, although defendant claims he was unable to locate any sign-in sheets prior to November of 2019 (ECF No. 39 at 6:25-26), defendant failed to provide sign-in sheets for December of 2019 to November 14, 2021. (ECF No. 40 at 3.) Plaintiff seeks production of those sign-in sheets, as well as production of the log books and sign-in sheets for the gaps in time he identified.

Discussion

The amended complaint challenges incidents from September 14, 2021 to September 3, 2022. (ECF No. 9 at 4.) Plaintiff did not identify his "first" grievance that purportedly predates the production. However, the earliest grievance appended to his amended complaint was signed by plaintiff on November 14, 2021. (ECF No. 9 at 12 (Log No. 186625).) The Court agrees that plaintiff fails to demonstrate a need for such documents prior to September 14, 2021, and sustains defendant's objection that the request is overbroad as to time. Following a subsequent search, the prison librarian confirmed that no responsive documents from prior to November 2021 were in the possession, custody, or control of the institution. (ECF No. 39-1 at 2-3.) Thus, plaintiff's motion to compel further responses to document requests nos. 1 and 2 is denied for the time period October 2019 through October 31, 2021.

As to the remaining time period, defendant's objections are overruled inasmuch as the redaction of the other inmates' names and CDCR numbers protects their privacy. The documents sought are relevant to plaintiff's claims. Plaintiff identified significant gaps in time for the documents that were provided:

Library Log Books:  November 19, 2021 through December 1, 2021; May 17, 2022 through July 18, 2022; and September 7, 2022 through March 23, 2023.  (ECF No. 40 at 3.)  Plaintiff confirms he was provided a log book for November 15, 2021, but he claims his first grievance pre-dates that.  (Id.)  While no records prior to November 2021 were located, this does not account for the time period November 1, 2021 through November 14, 2021, the date of plaintiff's first grievance.

Sign-in Sheets:  November 19, 2021 through December 1, 2021; May 14, 2022 through July 1, 2022; July 20, 2022 through August 1, 2022; and May 30, 2023 through July 30, 2023.  (ECF No. 40 at 3.)  The librarian confirms no records prior to November 2021 were located, but this does not account for the time period November 1, 2021 through November 18, 2021.

Plaintiff also claimed that there are pages missing from the produced documents dated November 18, 2021 through December 2, 2021 (ECF No. 34 at 3), which defendant did not address.

While it appears likely that defendant has produced all of the library log books and sign-in sheets that could be located, defendant's response does not make that clear.  Therefore, defendant is directed to provide a supplemental response to requests for production nos. 1 and 2 as to the gaps in time identified above, including November 1, 2021 through November 14, 2021, and address plaintiff's claim that pages are missing from the documents dated November 18, 2021 through December 2, 2021.

     b)  Requests Nos. 3, 4, and 5

The parties addressed requests Nos. 3, 4 and 5 together.

> REQUEST FOR PRODUCTION NO. 3:  All grievances, staff complaints, IA investigations of any kind within the last 5 years filed on defendant[.]
>
> RESPONSE:  Defendant objects to this request on the grounds that (1) it is vague and ambiguous as to the terms "IA investigations of any kind;" and "within the last 5 years;" (2) it is compound; (3) it is overbroad in time and scope and seeks information that is not relevant or proportionate to the needs of the case; (4) it seeks information that may violate the privacy rights of inmates under California Code of Regulations Title 15, section 3370; (5) it seeks personal and private information of staff members or materials that constitute personnel information, which is confidential under the

1 | California Information Practices Act, Civil Code § 1798, et seq.; Cal. Gov't Code 3300-3313; California Code of Regulations, tit. 15, § 3321, 3450, and 3370; and (6) and it seeks confidential information that is protected by the Official Information Privilege for the safety and security of the institution, staff, and inmates.

Subject to and without waiving these objections, Defendant responds as follows: Defendants will produce the complete file for Plaintiff's grievance log no. 186625, grievance log no. 242203, grievance log no. 192024, and grievance log no. 302368, attached hereto as AGO DISC. RESP. 078-126.

(ECF No. 39-2 at 17.)

REQUEST FOR PRODUCTION NO. 4: All State law suits filed on Defendant within the last 5 years.

RESPONSE: Defendant objects to this request on the grounds that (1) it is vague and ambiguous as to the terms "all state law suits" and "within the last 5 years;" (2) it lacks foundation and does not describe the material requested with reasonable particularity to determine what is sought and allow the opportunity for appropriate objections; (3) it is overbroad in time and scope and seeks information that is not relevant or proportionate to the needs of the case; and (4) it seeks information that is equally available to Plaintiff.

Based on these objections, Defendant will produce no documents in response to this request.

(ECF No. 39-2 at 17-18.)

REQUEST FOR PRODUCTION NO. 5: All Federal law suits filed on Defendant within the last 5 years[.]

RESPONSE: Defendant objects to this request on the grounds that (1) it is vague and ambiguous as to the terms "All Federal law suits" and "within the last 5 years;" (2) it lacks foundation and does not describe the material requested with reasonable particularity to determine what is sought and allow the opportunity for appropriate objections; (3) it is overbroad in time and scope and seeks information that is not relevant or proportionate to the needs of the case; and (4) it seeks information that is equally available to Plaintiff.

Based on these objections, Defendant will produce no documents in response to this request.

(ECF No. 39-2 at 18.)

## The Parties' Arguments

Plaintiff argues that these requests seek evidence to demonstrate a pattern of behavior by defendant and plaintiff agrees to redactions for privacy if needed. (ECF No. 34 at 3.) Defendant

argues his responses are sufficient because the requested documents are not relevant, are "unduly burdensome, and far exceed[] the issues presented in this case." (ECF No. 39 at 8.) Defendant contends that whether or not other inmates have accused defendant of misconduct has no bearing on whether defendant denied plaintiff access to the law library and retaliated against plaintiff. (Id.) Further, defendant argues that the Federal Rules of Evidence prohibit use of such information to show a "pattern of behavior by defendant." (ECF No. 39 at 8) (quoting Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.")) Defendant contends that the burden of complying with these requests outweighs the slight benefit such documents would provide. (ECF No. 39 at 9.)

In reply, plaintiff objects that defendant's claim that the information is protected and privileged is not true and reiterates his need for the documents to establish a pattern of behavior by defendant. (ECF No. 40 at 3.)

Discussion

These requests seek broad categories of documents for any kind of misconduct as well as for a period of five years. Plaintiff made no attempt to narrow the requests to issues relevant to his claims herein. The Court sustains defendant's overbreadth objections as to both time and type of documents sought. No additional response to requests nos. 3, 4 and 5 is required.

c) Requests No. 8

REQUEST FOR PRODUCTION NO. 8: Security Camera footage from any camera view or angle of the inside areas of the Education Building, as well as the outside area in front of the Education Building at Mule Creek on C Yard, for the following dates between the hours of 7:00 am to 12:00 pm: 6/29/23, 5/1/23, 4/24/23, 4/14/23, 4/10/23, 9/1/22, 8/30/22, 4/26/22, 4/25/22, 4/18/22, 1/30/22, 1/20/22, 11/12/21.

RESPONSE: Defendant objects to this request on the grounds that (1) it is vague and ambiguous as to the terms "any camera view or angle;" "inside areas of the Education Building;" and "outside area in front of the Education Building;" (2) it is compound; (3) it is overbroad in time and scope and seeks information that is not relevant or proportionate to the needs of the case; and (4) it seeks confidential information that is protected by the Official Information Privilege for the safety and security of the institution, staff, and inmates.

15

> Subject to and without waiving these objections, Defendant responds as follows: After diligent search, no responsive camera footage was found. Defendants note that the search for materials responsive to this request is ongoing and will supplement his response to this request, if appropriate, once that search is complete.

(ECF No. 39-2 at 19-20.)

### The Parties' Arguments

Plaintiff finds it unbelievable that none of this video footage exists, arguing that each date coincides with an incident included in his complaint as well as in the grievances submitted by plaintiff, which he argues put defendant on notice that such footage would be requested in discovery. (ECF No. 34 at 3.) Plaintiff contends that it cannot be coincidence that the most obvious form of proof of plaintiff's claims are not available for fourteen separate dates and multiple cameras and seeks "a detailed explanation" as to why the footage is unavailable. (Id.)

Defendant objects that under Rule 26(g)(1), he is only required to make reasonable inquiry into the existence of responsive documents, and the "court cannot compel a party to produce documents that do not exist and mere suspicion that additional documents exist is an insufficient basis to grant a motion to compel." (ECF No. 39 at 9 (quoting K.C.R. v. Cty. of Los Angeles, 2014 WL 12725470, at *8 (C.D. Cal. Aug. 6, 2014).) Instead, defendant contends plaintiff must have a colorable basis for his belief that responsive video footage is being withheld. (ECF No. 39 at 10 (citing see Garcia v. Almieda, 2007 WL 1395338, at *1 (E.D. Cal. May 10, 2007) ("Absent evidence to the contrary, which has not been offered, the court and plaintiff must accept defendant's response that she does not have access to the information needed to respond to this interrogatory.").) The Investigation Services Unit performed a search of the video footage, but no responsive footage was located. (ECF No. 39-1 at 3.)

In reply, plaintiff repeats his request for an explanation as to why no video footage can be located and claims he requested such evidence in his grievances and in his complaint. (ECF No. 40 at 4) (citing Rogers v. Giurbino, 288 F.R.D. 469, 485 (2012).) He also seeks an independent investigation by an outside agency. (ECF No. 40 at 3-4) Plaintiff argues that the CDCR is required to retain video footage of an incident when a grievance of staff misconduct is reported, which he claims he did. (ECF No. 40 at 4.) "Even if the footage does not exist now, . . . it

16

obviously existed at some point, and should have been treated as evidence once a grievance [was] submitted; especially when it is requested to be treated as evidence within that grievance." (ECF No. 40 at 4.)

Discussion

"Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible.'" Berger v. Home Depot USA, Inc., 2010 WL 11558000, at *7 (C.D. Cal. Oct. 7, 2010) (quoting Zervos v. S. S. Sam Houston, 79 F.R.D. 593, 595 (S.D. N.Y. 1978), and LaChemise Lacoste v. Alligator Co., 60 F.R.D. 164, 172 (D. Del. 1973)). The "court cannot compel a party to produce documents that do not exist," and "[a] party's mere suspicion that additional documents exist is an insufficient basis to grant a motion to compel." K.C.R., 2014 WL 12725470, at *8. To succeed on the motion, "the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld." Id.

Plaintiff's reliance on Rogers is unavailing. 288 F.R.D. at 485. In Rogers, the court did not require the responding party to explain why the discovery could not be produced or require an outside investigation. Id. Rather, the district court found that the responding party "cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." Id. (internal quotation marks and citations omitted).

Here, defendant did not object that the videos were not in his possession. Rather, defendant responded that "following a diligent search, no responsive camera footage was found." (ECF No. 39 at 9.) In addition, counsel for defendant provided her declaration stating that she requested the litigation coordinator at MCSP inquire and perform a search for the requested camera footage. (ECF No. 39-1 at 3.) Before serving discovery responses, counsel was informed by the litigation coordinator that she requested a search of the camera footage in the Investigation Services Unit, but no responsive footage was found. (ECF No. 39-1 at 3.)

Further, signed discovery responses are certifications that, to the best of the person's

17

knowledge, information and belief formed after a reasonable inquiry, the responses are correct. See Fed. R. Civ. P. 26(g)(1)(B). To the extent that defendant learns that such information exists, he is under an obligation to supplement discovery responses. See Fed. R. Civ. P. 26(e)(1). As stated in defendant's supplemental response, defendant will supplement the response if any footage is located. (ECF No. 39 at 9.)

In his motion, plaintiff merely speculates that the video footage should be available, or should have been available, based on his alleged request in his grievances that such video be retained.[1] Such speculation does not provide a colorable basis for plaintiff's belief that the alleged video footage is being withheld. Mere disbelief regarding discovery responses does not form a legitimate basis to further challenge sufficient responses. See e.g., Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H., 2007 WL 2781132, at *2. Plaintiff is not entitled to demand additional or different evidence in support of discovery responses already provided. See id. Moreover, the fact that video footage existed at the time of the incidents alleged in the complaint does not demonstrate that video footage of such incidents in November 2021 still existed in September 2022 when plaintiff filed his original complaint, or in January 2024, when defendants responded to plaintiff's discovery.

Plaintiff's motion to compel further response to request no. 8 is denied. See Haney v. Johnson, 2019 WL 3503395, at *7 (E.D. Cal. Aug. 1, 2019) (denying motion to compel production of video footage that did not exist).

### 3. Request for Production of Documents, Set Two

The Court denies plaintiff's motion to compel further production of documents, set two,

---

[1] Plaintiff did not identify a specific grievance in which he made such request but appended several grievances to his amended complaint. (ECF No. 9.) Review of grievance 186625, OGT Log No. 242203, grievance 192024, OGT Log No. 299922, OGT Log No. 302368, and OGT Log No. 302372 reflect no such request. (ECF No. 9 at 12-13, 19-20, 25-26, 41-42, 46-47, 50-51.)
In OGT Log No. 251861, labeled "Staff Misconduct," plaintiff did request that camera footage of the April 26, 2022 incident be "submitted as evidence," and provided two affidavits from inmates who witnessed the incident. (ECF No. 9 at 32, 34, 35.) However, to the extent plaintiff suggests that defendant should have known to retain video from the April 26, 2022 incident based on plaintiff's statement in OGT Log No. 251861 does not convince the Court that defendant had an obligation or the ability to preserve such video footage for subsequent litigation purposes.

because plaintiff did not provide a request that was signed by plaintiff, and he did not provide a proof of service attesting to the date the request was served on counsel for defendant. (ECF No. 34 at 33.) If such request was served along with plaintiff's second set of interrogatories, the motion to compel would be premature, as argued by defendant. (See ECF No. 32 at 1 ("Responses to written discovery requests shall be due forty-five days after the request is served.").) But because plaintiff failed to provide a proof of service, the Court is unable to confirm the timeliness of plaintiff's motion to compel further responses to the second request for production of documents. Thus, the motion is denied as to the second set.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 34) is granted in part and denied in part:

1. Defendant is directed to provide a supplemental response to Requests for Production of Documents, Set One, nos. 1 and 2, as to the identified gaps in time identified above, including November 1, 2021 through November 14, 2021, and to address plaintiff's claim that pages are missing from the documents dated November 18, 2021 through December 2, 2021.

2. In all other respects, the motion to compel is denied.

Dated: May 28, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/gosz1725.mtc